## BOOKSBAUM v CHRISTIAN

Ohio Appeals, 5th Dist, Richland Co

Decided Sept 25, 1935

A. S. Beach, Mansfield, and Joseph A. Bayer, Mansfield, for plaintiff in error.

Stuart H. Cramer, Mansfield, for defendant in error.

## OPINION

By SHERICK, J.

This is an action for the recovery of damages by Esther Booksbaum, a minor of tender years, through the medium of her next friend. The trial resulted in a verdict against her, and error is prosecuted to this court from the judgment entered thereon. But two claims of error are advanced in this court for a reversal of this cause, both of which pertain to the charge of the court.

The facts disclose that the injured child was riding in the rear seat of her mother's car, then being driven by her father in an easterly direction on State Route 42, east of Mansfield. At the same time and place Ruth Christian, defendant in error, was driving a car westward. The highway at this point is thirty feet in width, and is divided into three ten foot lanes, which were plainly marked. Each was approaching behind a vehicle traveling in his or her respective direction. Either one or both, the defendant in error or the minor's father, turned into the center lane and a collision occurred. It is charged in the petition that the cause thereof was due to the negligence of the defendant in error. This is generally denied in the answer filed. Upon trial the defense sought to lay the entire blame for the accident upon the father of the injured minor.

At the conclusion of all the evidence in the case the plaintiff requested that the court give a certain special request to the jury before argument. This request embodied a correct statement of the law applicable to the issues of the case; hence the plaintiff was entitled to have had the request given to the jury before plaintiff's attorney began his argument. This was not done for the reason hereinafter indicated by the following comment of the trial court after the jury had been generally charged:

"Before the argument of counsel in this case counsel representing plaintiff presented to the court a request to be charged to the jury and at the time asked the court to charge it before argument, and the court omitted to do that by oversight. I will read this request, which is the law and is the same as the court has already charged in the regular charge."

It is regrettable that the court through inadvertence failed to give this request before argument. It has repeatedly been held that refusal to give a correct request applicable to the law of the case is prejudicial error that necessitates the reversal of a judgment. The reason for the rule is found in the right of counsel so requesting to present his case to the jury in argument grounded upon the law which the court will have already given to the jury. If a court refuses or fails to so instruct upon request, counsel may know that his conception of the law of the case is not the law applicable to his controversy, and that the court will thereafter generally charge otherwise. If the court refused or neglected to charge as requested, diligent counsel will not prejudice his client's cause by arguing his case upon a wrong premise. If the request be given, counsel then is informed thereby that he may proceed to argue the law and facts of his case without fear of being made ridiculous in the minds of his client and the jury. It therefore becomes apparent that the giving of a correct request before argument is of value to a litigant, and if a correct request be not given the litigant may thereby be deprived of a valuable right.

It is argued to no purpose that the court gave the substance of the special request in his general charge. This does not cure the wrong done. Counsel for the defendant in error says that it was the duty of plaintiff's counsel to have inquired of the court in proper season whether he had overlooked the request, or had refused to give the same. §11420-1 (5), GC, recites that such "instructions shall be given or refused by the court before the argument to the jury is commenced." The duty imposed upon the court is mandatory in character, and counsel for plaintiff, on the court's failure to give the instructions requested, had a right to presume that the court refused to give the instructions. It may be suggested that it was counsel's duty to note an exception to the court's refusal to give the request. Pages 181 and 182 of this record are silent as to anything that might have transpired between the resting of the case and the giving of the general charge. From all we learn from this record we are unable to state that the case was argued, except from the court's charge and remarks. Counsel was warranted in assuming from the court's silence that his request did not correctly state the law, and perhaps concluded to abide the court's judgment and not to except thereto; but

when he learned that his request was proper and correct he promptly objected to the court's neglect in not giving it before argument.

The second error complained of lies in the fact that the court in its general charge three times said to the jury that the plaintiff, before she could procure a recovery, must prove that the defendant's negligence was the sole cause or sole proximate cause of the accident or injury. We find that elsewhere in the charge the court ▆▆▆ properly stated the correct rule of law on this subject, but the fact that he did so does not correct the court's error in having incorrectly stated it. The case of **Industrial Commission v Ripke, 129 Oh St, 649, 196 NE, 640**, is decisive of this point. It is therein determined:

"Where the court states a correct rule, and in another portion of the charge states an incorrect rule upon the same subject, and nothing further is stated to indicate to the jury which rule is to be followed, and there is nothing in the verdict of the jury to indicate which rule was in fact followed, no presumption arises that they have followed the correct rule, and the error will therefore be deemed to be prejudicial."

Finding error in this record prejudicial to the rights of the plaintiff in error, as herein indicated, the judgment must be reversed and the cause remanded.

Judgment reversed and cause remanded.

LEMERT, PJ, and MONTGOMERY, J, concur.